**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2616-18T2

THOMAS and KIMBERLY
DOLAN,

      Plaintiffs,

v.

130 STAR PROPERTIES, LLC,

      Defendant.

_____

JOHN F. VASSALLO, JR.,

      Plaintiff,

v.

THOMAS and KIMBERLY
DOLAN, and DOLAN'S IRISH
PUB & RESTAURANT, INC.,
f/k/a MIKE & NISSAN, INC.,

      Defendants-Appellants,

and

JACOB SPIGELMAN,

Defendant-Respondent,

and

130 STAR PROPERTIES, LLC,
c/o THOMAS PATSAROS, and
CITY OF BURLINGTON,

Defendants.

_____

Argued January 13, 2020 – Decided February 25, 2020

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0322-14.

Mark J. Molz argued the cause for appellants.

John E. Shields argued the cause for respondent (Helmer, Conley & Kasselman, PA, attorneys; John E. Shields, of counsel and on the brief).

PER CURIAM

Plaintiffs Thomas Dolan, Kimberly Dolan, and Dolan's Irish Pub & Restaurant, Inc. (Dolan's Irish Pub) appeal from a January 8, 2019 order granting defendant Jacob Spigelman's motion to vacate a June 30, 2017 order that effectively reversed an order granting Spigelman summary judgment.[1]  Having

---

[1] The court's January 8, 2019 order contains a typographical error.  It states that it vacates a June 20, 2017 order, but the vacated order is dated June 30, 2017.

considered the record, and discerning no abuse of discretion in the court's entry of the January 8, 2019 order, we affirm.

I.

This matter arises out of a dispute over the purchase of a liquor license and restaurant from defendants Thomas Patsaros and 130 Star Properties, LLC. Defendant John F. Vassallo, Jr., a New Jersey attorney, represented plaintiffs in the purchase.[2] As part of the transaction, Thomas Dolan, Kimberly Dolan, and Patsaros became shareholders in Dolan's Irish Pub, which became the purchaser of the liquor license and restaurant. Kimberly Dolan held ninety-eight percent of the shares in Dolan's Irish Pub stock. Thomas Dolan and Patsaros held one percent each.

Plaintiffs required working capital to complete the transaction, so Vassallo and Patsaros arranged for Spigelman to loan Dolan's Irish Pub fifty thousand dollars. Although Thomas Dolan and Kimberly Dolan never met Spigelman, they executed a fifty-thousand-dollar promissory note on behalf of Dolan's Irish Pub in Spigelman's favor. Patsaros personally guaranteed repayment of the note, and he, Thomas Dolan, Kimberly Dolan, and Spigelman entered into an Escrow and Pledge Agreement (escrow agreement), which, in

---

[2] Plaintiffs alleged Vassallo also represented Patsaros in the transaction.

pertinent part, pledged the stock in Dolan's Irish Pub to secure payment of the note. With the authorization of Thomas Dolan and Kimberly Dolan, Spigelman transferred fifty thousand dollars to Vassallo, who deposited the funds in his attorney trust account. Vassallo disbursed the funds in a manner that became an issue in the litigation.

Plaintiffs later filed a complaint against Vassallo, Patsaros, and 130 Star Properties, LLC, asserting causes of action arising out of the transaction. Vassallo filed a separate complaint against plaintiffs; 130 Star Properties, LLC; Patsaros; the City of Burlington; and Spigelman. It appears Spigelman filed a cross-claim against plaintiffs on the obligations under the promissory note and escrow agreement. It further appears plaintiffs and Dolan's Irish Pub filed cross-claims against Spigelman seeking nullification of the obligations under the note.[3] The court consolidated plaintiffs' and Vassallo's complaints, and the various claims asserted were thereafter litigated in a single proceeding.

---

[3] In their respective appendices, plaintiffs and Spigelman fail to include all of the pleadings filed by all of the participants in the Law Division proceedings. For example, and not by way of limitation, plaintiffs do not provide their complaint and amended complaint in the record on appeal. In any event, we generally summarize the respective claims based on what we glean from the record provided, and note there are clearly many claims we do not mention that were asserted by and among the numerous parties. It is unnecessary that we detail all of the claims asserted by the parties, even including those between

Following the completion of discovery, and just prior to the scheduled trial date, the court permitted the filing of dispositive motions in accordance with an accelerated schedule. Spigelman moved for summary judgment on his claims under the note and for dismissal of plaintiffs' cross-claims seeking rescission of the note.[4] Plaintiffs cross-moved for summary judgment on their claims against Spigelman and his claims against them.

On May 30, 2017, Judge Janet Z. Smith heard extensive argument on the cross-motions and informed the parties Spigelman's summary judgment motion was granted and plaintiffs' motion was denied. In plaintiffs' counsel's presence, Judge Smith also advised Spigelman his appearance at future proceedings in the case was no longer required. On June 12, 2017, Judge Smith entered an order (summary judgment order) granting Spigelman summary judgment on his claims under the note and for unjust enrichment against plaintiffs, dismissing plaintiffs' claims against Spigelman, and denying plaintiffs' cross-motion. In her oral

---

plaintiffs and Spigelman, because we are required to decide only whether the court erred by entering its January 8, 2019 order vacating its June 30, 2017 order, and our resolution of that issue does not require an analysis of the merits of the causes of action asserted.

[4] Plaintiffs also sought damages based on alleged fraud in obtaining the note and in the disbursement of the loan funds.

opinion, Judge Smith found $50,000 was due to Spigelman under the note, but the summary judgment order does not include an amount due.[5]

The remaining claims involving plaintiffs, Vassallo, 130 Star Properties, LLC, and Patsaros proceeded to trial before a different judge. The claims against Vassallo settled, and the judge conducted a June 28, 2017 proof hearing on plaintiffs' claims against Patsaros,[6] who did not appear for trial or the proof hearing.[7] Thomas Dolan and Kimberly Dolan appeared at the proof hearing with their counsel. No other parties or counsel were present.

---

[5] During the summary judgment proceeding, Judge Smith said "there is a judgment for $50,000 for . . . Spigelman against . . . plaintiffs," and "grant[ed] summary judgment, but only to the extent of $50,000." Plaintiffs correctly note the summary judgment order does not include the amount the court determined is due to Spigelman. See Taylor v. Int'l Maytex Tank Terminal Corp., 355 N.J. Super. 482, 498 (App Div. 2002) ("Where there is a conflict between a judge's written or oral opinion and a subsequent written order, the former controls."). Plaintiffs do not appeal from the summary judgment order and Spigelman did not cross-appeal from the order. We therefore do not address any alleged deficiency in the order. However, nothing in our opinion precludes the parties from moving before the trial court in accordance with Rule 1:13-1 for the correction of any clerical error "arising from oversight and omission" in the summary judgment order.

[6] The court addresses 130 Star Properties, LLC in an order entered following the proof hearing. The order provides that 130 Star Properties, LLC is an "entity [that] has been utilized with a lack of corporate formality," is Patsaros's "alter-ego," and failed to appear for trial.

[7] Plaintiffs have not provided transcripts of any trial proceedings. The record includes a transcript of the June 28, 2017 proof hearing.

6                                                    A-2616-18T2

During the proof hearing, there was no testimony concerning Spigelman, and his name was not mentioned by the court, counsel, or plaintiffs. Plaintiffs' counsel did not advise the court Judge Smith entered the summary judgment order in Spigelman's favor two weeks earlier. The record is devoid of evidence plaintiffs' counsel notified Spigelman or his counsel prior to the proof hearing that plaintiffs intended to request that the court vacate or modify Judge Smith's summary judgment order. And, during the proof hearing, plaintiffs' counsel never stated plaintiffs sought relief as to Spigelman or the promissory note and never requested vacation or modification of the summary judgment order. In addition, although Judge Smith issued the summary judgment order, plaintiffs never moved before her for reconsideration of the order.

Nonetheless, following the proof hearing, plaintiffs' counsel submitted a proposed order to the court entitled "ORDER REGARDING SPIGELMAN LOAN."[8] The order in part addressed the issue presented to the court during the proof hearing—Patsaros's liability to plaintiffs—but it also effectively vacated

_____

[8] Plaintiffs' counsel submitted two orders to the court following the proof hearing. The court entered both orders. One of the orders, which is captioned "ORDER DISMISSING CROSSCLAIMS," dismissed Patsaros's and 130 Star Properties, LLC's crossclaims against plaintiffs, and dismissed the case as to Vassallo. We do not address that order because it was not vacated by the January 8, 2019 order that is the subject of this appeal.

7

and reversed Judge Smith's summary judgment order. The order provided "it would be inequitable to require [p]laintiffs to be responsible for [the Spigelman] loan," found the loan documents were "part of a continuing [f]raud and are <u>void ab initio</u>," and stated that Patsaros was "100% responsible for the loan from . . . Spigelman."

There is no evidence plaintiffs' counsel served Spigelman or his counsel with the proposed order when it was submitted to the court, <u>see</u> <u>R.</u> 4:42-1(c); or that Spigelman or his counsel were served with the order following its entry,[9] <u>see</u> <u>R.</u> 1:5-1(a). Moreover, the proof hearing record does not include any evidence or argument supporting the vacation of Judge Smith's summary judgment order. The record is further bereft of any evidence plaintiffs or their counsel notified Spigelman that they would seek the vacation of Judge Smith's summary judgment order at either the trial or proof hearing.

The judge who held the proof hearing entered plaintiffs' proposed ORDER REGARDING SPIGELMAN LOAN on June 30, 2017, without making any findings of fact or conclusions of law. <u>See</u> <u>R.</u> 1:7-4. Thus, the court's reasoning for its inexplicable entry of the order is unknown.

---

[9]  The order required that it be "served upon all parties that have not settled and who appear herein within [seven] days after receipt hereof." The record on appeal does not establish service of the order on Spigelman or his counsel.

Spigelman subsequently moved to vacate the ORDER REGARDING SPIGELMAN LOAN pursuant to <u>Rule</u> 4:50-1(c), arguing it was obtained by "fraud . . . , misrepresentation or other misconduct of an adverse party." More particularly, Spigelman claimed plaintiffs' counsel never informed the court about Judge Smith's summary judgment order and submitted the ORDER REGARDING SPIGELMAN LOAN even though there was no evidence presented during the proof hearing regarding Spigelman.

The court heard argument and entered a January 8, 2019 order granting Spigelman's motion, vacating the ORDER REGARDING SPIGELMAN LOAN, and providing that Judge Smith's "June 12, 2017 [order] granting . . . Spigelman's [m]otion for [s]ummary [j]udgment remains in full force and effect." Entry of the order is untethered to any findings of fact or conclusions of law. <u>See</u> <u>R.</u> 1:7-4. This appeal followed.

Plaintiffs present the following arguments for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED BY VIOLATING RULE 4:46-1 IN THE SCHEDULING OF DISPOSITIVE MOTIONS ON THE EVE OF TRIAL[.]
>
> POINT II
>
> ALTHOUGH JUDGE SMITH ENTERED SUMMARY JUDGMENT AS TO LIABILITY, THE TRIAL

9

COURT NEVER ENTERED A JUDGMENT AGAINST THE PLAINTIFFS[.]

POINT III

ALTHOUGH JUDGE SMITH ENTERED SUMMARY JUDGMENT IN FAVOR OF MR. SPIGELMAN ON LIABILITY, THERE WERE MATERIAL ISSUES OF CONTESTED FACTS AND CROSSCLAIMS WHICH PRECLUDED SUMMARY DISPOSITION[.]

II.

Plaintiffs' arguments center solely on their claim Judge Smith erred by granting Spigelman's summary judgment motion. They argue Judge Smith incorrectly condensed the Rule 4:46 time frames for submission of the summary judgment motion papers;[10] the summary judgment order was not final because it did not include a monetary amount; and there were genuine issues of material fact precluding a proper grant of summary judgment.

We reject plaintiffs' arguments because plaintiffs do not appeal from the summary judgment order. Their notice of appeal lists only the January 8, 2019

---

[10] The record reflects that despite the court's requirement that parties file dispositive motions on an accelerated basis prior to the impending trial date, plaintiffs filed opposition papers and a cross-motion for summary judgment. Plaintiffs' brief on appeal does not identify any evidence or facts demonstrating they were prejudiced by the accelerated schedule. They also do not make any showing that if the schedule had not been accelerated, they would have presented additional evidence affecting the disposition of the summary judgment motions.

order vacating the ORDER REGARDING SPIGELMAN LOAN. A notice of appeal in a civil action must "designate the judgment, decision, action or rule, or part thereof appealed from." R. 2:5-1(e)(3)(i). "[I]t is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1 (2020); see also 30 River Court E. Urban Renewal Co. v. Capograsso, 383 N.J. Super. 470, 473-74 (App. Div. 2006) (refusing to review orders dismissing the defendant's affirmative claims because they were not included in her notice of appeal); Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider an order not listed in the notice of appeal). Thus, because plaintiffs appeal only from the January 8, 2019 order, the arguments presented, which challenge only the summary judgment order, are wholly inapposite to the order under review.

In fact, plaintiffs offer no arguments challenging the order that is the subject of their appeal, and, for that reason alone, we affirm the court's January 8, 2019 order. Nonetheless, we also address the merits of the order.

Rule 4:50-1 is "'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Mancini v. EDS ex

11

rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)). A court's grant of relief under the Rule "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Plaintiffs make no showing the court abused its discretion by entering the January 8, 2019 order, and the record does not support such a finding.

The ORDER REGARDING SPIGELMAN LOAN was entered following the summary judgment order that disposed of all of plaintiffs' claims against Spigelman and granted Spigelman judgment against plaintiffs for their obligations under the note. Plaintiffs and their counsel were aware of the disposition and that Judge Smith appropriately advised Spigelman his further participation in the proceedings in the case was unnecessary. Although they were apparently dissatisfied with the summary judgment order, plaintiffs opted not to seek reconsideration from Judge Smith in accordance with Rule 4:49-2.

Judge Smith's summary judgment order was interlocutory, and the new judge was "empowered to revisit the prior ruling and right the proverbial ship" if such relief was warranted. Lombardi v. Masso, 207 N.J. 517, 537 (2011). However, "[p]rocedurally, where a judge is inclined to revisit a prior

interlocutory order," it is "critical . . . that he [or she] provide the parties a fair opportunity to be heard on the subject," so they "may argue against reconsideration and advance claims of prejudice." Ibid. After a judge determines to revisit a prior order, "he [or she] must apply the proper legal standard to the facts and explain" the reasons reconsideration is appropriate. Ibid. For example, where a court decides to reconsider an order granting summary judgment, it "should apply Rule 4:46-2 and explain what genuine issues of material fact require trial." Id. at 537-38.

In Lombardi, the Court affirmed a judge's decision to vacate an interlocutory summary judgment order based on evidence produced during a subsequent proof hearing. Id. at 523-24. The Court noted, however, that after considering the evidence presented at the proof hearing, the judge first "advised the parties of his concern that the case was more complex than he had originally intuited and gave them the record of the proof hearing, ample time to prepare, and an opportunity to weigh in on what he was considering." Id. at 538. The Court concluded that under those circumstances, "the trial judge abided by all of the relevant principles in determining to revisit his original summary judgment order." Ibid.

Here, plaintiffs settled their claims against Vassallo and participated in a proof hearing against the only defendant remaining in the case, Patsaros. Plaintiffs and their counsel never notified Spigelman they intended to seek relief from the summary judgment order at the trial or proof hearing, never mentioned Spigelman or the summary judgment order during the proof hearing, and never advised the new judge they sought relief from Judge Smith's summary judgment order. Thus, they not only deprived Spigelman of what the Supreme Court in Lombardi described as the "critical . . . opportunity" to be heard on the reconsideration of the summary judgment order, 207 N.J. at 537, they also deprived the new judge of the knowledge that he was being asked to reconsider and vacate a prior court order.

Following the hearing, plaintiffs submitted an order, without notice to Spigelman, that effectively reversed the summary judgment order entered in his favor. They indirectly accomplished what they failed to do directly; obtain reconsideration of the summary judgment order without filing a motion for reconsideration with Judge Smith or notifying the new judge about the summary judgment order and expressly requesting he reverse it. Plaintiffs acted with the apparent hope the unsuspecting new judge would simply enter their order following a hearing at which Spigelman was not present and no opposition was

14

presented. Their strategy worked. The judge entered plaintiffs' proposed ORDER REGARDING SPIGELMAN LOAN.

The court's entry of the order violated Spigelman's basic due process right to notice of the proceedings at which summary judgment entered in his favor was reversed; was inconsistent with the principles espoused by the Supreme Court in Lombardi, 207 N.J. 537-38; and in part it was the result of an indefensible lack of disclosure to the new judge that judgment previously had been entered in Spigelman's favor.[11] Moreover, the testimony presented at the proof hearing did not support the entry of the order reversing Spigelman's judgment.[12]

---

[11] We prefer to attribute plaintiff's counsel's failure to advise the court about Judge Smith's summary judgment order to a lack of attention or inadequate preparation, and not to an intentional violation of his duty of candor to his adversary and the court. See R.P.C. 3.3(a)(1); McKenney v. Jersey City Med. Ctr., 167 N.J. 359, 371 (2001) (noting "[l]awyers have an obligation of candor to each other and to the judicial system").

[12] The ORDER REGARDING SPIGELMAN LOAN refers to what appear to be two exhibits, "P33" and "Exhibit 35," as support for the court's findings. The proof hearing transcript, however, reflects that neither purported exhibit was marked for identification or admitted in evidence. Plaintiffs are responsible to provide the "parts of the record . . . as are essential to the proper consideration of the issues," R. 2:6-1(a)(1)(I), including all of the relevant transcripts of the proceedings, R. 2:5-3(a); see also Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004) (affirming the Appellate Division's refusal to address an issue because the appellant failed to provide the transcript from the proceedings from which

15

Under these circumstances, we find no abuse of the court's discretion in its January 8, 2019 order vacating the improvidently entered ORDER REGARDING SPIGELMAN LOAN. See Guillaume, 209 N.J. at 467. The record supports a finding Spigelman was entitled to relief from the order under Rule 4:50-1(c) due to plaintiffs' misconduct in failing to provide notice to Spigelman they intended to seek a reversal of the summary judgment order at the proof hearing; failing to inform the new judge summary judgment had been entered in Spigelman's favor; and submitting a proposed order, without notice to Spigelman, on an issue not directly presented to the new judge and for which there was no support in the proof hearing record. We also conclude relief from the order was required under Rule 4:50-1(f). That is, Spigelman was entitled to relief from the ORDER REGARDING SPIGELMAN LOAN based on the totality of the exceptional circumstances presented and because enforcement of the order would be unjust and inequitable. See id. at 484. As noted, plaintiffs offer no arguments to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

the appeal was taken); Soc'y Hill Condo. Ass'n v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002) (declining to address issues requiring review of portions of the trial record not included in the record on appeal).

A-2616-18T2